UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MARYANN COTTRELL on behalf of
the matter, in the interest
of BRITTANY JANE SLOOP,

        Plaintiff,

   v.

WAWA, INC., et al.,

        Defendants.

Civ. A. No. 14-7159 (NLH/KMW)

**OPINION**

---

**APPEARANCES:**

Maryann Cottrell
31 South Academy Street
Glassboro, New Jersey 08028

    *Pro Se Plaintiff*

**HILLMAN, District Judge:**

Plaintiff Maryann Cottrell initially filed this civil action "on behalf of the matter, in the interest of" her daughter, Brittany Sloop.  (Compl. 1.)  Ms. Cottrell and Ms. Sloop also filed applications to proceed in forma pauperis, and the Court therefore screened the complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B).  The Court dismissed the complaint without prejudice, denied the in forma pauperis applications without prejudice, and ordered Ms. Cottrell and Ms. Sloop to file an amended complaint and applications to proceed in forma

pauperis.   Subsequently, Ms. Cottrell filed a renewed application to proceed in forma pauperis, as well as an amended complaint in which she names only herself as a plaintiff.  In addition, Ms. Sloop, through Ms. Cottrell, filed a motion for an extension of time for Ms. Sloop to obtain counsel.  For the reasons that follow, Ms. Cottrell's application to proceed in forma pauperis will be granted, but the amended complaint will be dismissed for lack of standing.  Ms. Sloop's motion for an extension of time to file an amended complaint will be granted.

I.   **JURISDICTION**

As noted in the March 20, 2015 Opinion, the Court exercises original jurisdiction pursuant to 28 U.S.C. § 1331 over the federal claim asserted in this case under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claim based on an alleged violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:6-1 et seq.

II.  **BACKGROUND**

This case involves access to a handicap spot at a Wawa store located at 109 North Delsea Drive, Glassboro, New Jersey. (Am. Compl. ¶ 4.)  According to the allegations in the amended complaint, Ms. Cottrell has a hearing impairment and is

classified as disabled under the Americans with Disabilities Act
and New Jersey Law. (Id. ¶ 12.)  In addition, Ms. Sloop is
"severely disabled" and possesses a handicap placard from the
State of New Jersey. (Id. ¶¶ 16-17.)  On November 15, 2012,
Richard Holland, a caregiver for Ms. Sloop, stopped at the Wawa
store to buy a treat for Ms. Sloop. (Id. ¶¶ 20, 25-26.)
Although Mr. Holland is purportedly permitted to park in a
designated handicap parking space while transporting Ms.
Cottrell and Ms. Sloop, he was unable to park in a handicap spot
at the Wawa store on November 15, 2012 because a Wawa delivery
truck was parked across the "one and only designated handicap
parking space" on the premises. (Id. ¶¶ 18, 25.)

The Court previously dismissed Ms. Sloop's claims because
they were asserted by Ms. Cottrell, and Ms. Cottrell is not
authorized to assert claims on Ms. Sloop's behalf.  In addition,
the Court dismissed Ms. Cottrell's claims, finding that she
lacked standing to the extent she sought prospective injunctive
and declaratory relief because she failed to assert facts
demonstrating that she had a likelihood of future injury.  In
particular, the Court noted that the complaint alleged only one
past instance when access to the handicap space at Wawa was
precluded, and that there were no facts to suggest that Ms.
Cottrell would be precluded access to the handicap spot at Wawa
in the future.  Although Ms. Cottrell alleged that there was a

pattern and practice of Wawa allowing its drivers and vendors to park in or block the handicap spot, there were no facts to support this conclusory assertion.

Ms. Cottrell has now filed an amended complaint in which she attempts to cure the defects in her prior pleading.  In the amended complaint, Ms. Cottrell alleges that in addition to the incident on November 15, 2012, she has "signed many summonses against WAWA for failure to provide access to their one and only handicap parking space" and has "brought the denials of access and parking issues to Defendant WAWA's attention many times." (Am. Compl. ¶¶ 38, 47.)  Ms. Cottrell also alleges that she has "documented and signed many summonses against customers, vendors and service companies for parking illegally in the one and only handicap parking space located at WAWA."  (Id. ¶ 49.)  She contends that she and Mr. Holland "continue to return to the property to avail themselves to the goods and services offered to the public at the property."  (Id. ¶ 20.)

## III. DISCUSSION

### A.   Standing

The Court incorporates by reference its discussion of standing set forth in the March 20, 2015 Opinion.  In addition, the issue of standing has been addressed in other cases in which Ms. Cottrell is a plaintiff on claims asserted under the ADA.

See, e.g., Cottrell v. Nicholson Properties, LLC, Civ. A. No.
12-2128, 2014 WL 5390671, at *4 (D.N.J. Oct. 22, 2014); Cottrell
v. Heritages Dairy Stores, Inc., Civ. A. No. 09-1743, 2010 WL
3908567, at *2 (D.N.J. Sept. 30, 2010); Cottrell v. Bobs Little
Sport Shop., Inc., Civ. A. No. 09-1987, 2010 WL 936212, at *1
(D.N.J. March 11, 2010); Cottrell v. Zagami, LLC, Civ. A. No.
08-3340, 2009 WL 1416044, at *1 (D.N.J. May 20, 2009).

     As noted in Cottrell v. Nicholson, where a plaintiff seeks
prospective injunctive relief, she must demonstrate a "'real and
immediate threat' of injury in order to satisfy the 'injury in
fact' requirement" of standing.  2014 WL 5390671, at *3 (citing
Cottrell v. Zagami, 2009 WL 1416044, at *3).  "[I]njunctive
relief is only appropriate when the plaintiff establishes a
sufficient likelihood that he will be wronged again in a similar
fashion."  Id.  "An intention to return to the source of the
illegal conduct 'some day,' without any description of concrete
plans or any indication beyond mere speculation as to when some
day will occur, does not support a finding of 'actual or
imminent' injury."  Id. (quoting Lujan v. Defenders of Wildlife,
504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351
(1992)).

     In assessing standing in ADA cases, several New Jersey
District Courts have applied a four-factor test to determine the
likelihood that a plaintiff will return to the defendant's place

of public accommodation.  Brown v. Showboat Atl. City Propco, LLC, No. Civ. A. 08-5145, 2010 WL 5237855, at *8 (D.N.J. Dec. 16, 2010).  The four factors include: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel.  Id.

Here, it appears that Ms. Cottrell is in close proximity to the Wawa premises, as both her residence and the Wawa facility are located in Glassboro, New Jersey, and it is likely that she will frequently travel nearby.  Accordingly, the first and fourth factors support a finding of standing.

With respect to the second factor, Ms. Cottrell alleges that she has visited the property in the past, but the only allegation in the complaint concerning her prior patronage of Wawa is the instance on November 15, 2012 in which she and Mr. Holland stopped at Wawa to purchase a treat for Ms. Sloop.[1]  It is not clear from the allegations in the amended complaint that any other visits to the Wawa premises were for purposes of

---

[1] There is no allegation that the purpose of the visit to the Wawa premises on November 15, 2012 was on behalf of Ms. Cottrell.  This raises another issue of standing as Ms. Cottrell may not have been harmed by the alleged lack of access to a handicap parking spot.  See Cottrell v. Murphy's Auto Care, 2015 WL 3604085, at *6 ("'[T]he proper analysis of standing focuses on whether the plaintiff suffered an actual injury, not on whether a statute was violated.'") (internal citation omitted).

patronage or, rather, were for purposes of documenting ADA violations.  Ms. Cottrell even alleges in the amended complaint that in July 2010 she was at the Wawa premises documenting a violation of a Rowan University vehicle parked in the access aisle of the handicap spot.  She does not state that she was at the premises for purposes of patronage.[2]

Ms. Cottrell has also failed to sufficiently aver her intent to return to Wawa's premises.  A plaintiff's "'mere expressed desire does not by itself imply an intent to return.'" Cottrell v. Nicholson, 2014 WL 5390671, at *4 (citation omitted).  A plaintiff must demonstrate a "definitive, uncontested intent to return."  Id.  Ms. Cottrell's general assertion that she will "continue to return" to the premises is merely a "some day" intention that does not support a finding of "actual or imminent" injury.

Moreover, because the condition at issue is transient,

---

[2] Similarly, in Cottrell v. Murphy's Auto Care & Performance Ctr., No. Civ. A. 14-4831, 2015 WL 3604085, at *6 (D.N.J. June 8, 2015), Ms. Cottrell and Mr. Holland brought suit against Murphy's Auto Care based on lack of access to a handicap parking spot, but they were not on the premises for purposes of patronage.  Rather, in that action, Ms. Cottrell and Mr. Holland claimed that they were driving on Delsea Drive when they noticed a Snap-On Tools truck parked in the handicap space, at which point they stopped to document the violation.  In light of the advocacy efforts of Ms. Cottrell and Mr. Holland to document ADA violations, as detailed in the opinions cited above, the Court cannot assume that Ms. Cottrell's past visits to Wawa were for purposes of patronage.

there is no indication that Ms. Cottrell's access to handicap parking would be precluded if she decided to visit Wawa in the future.  Ms. Cottrell states that she has documented many instances in which customers, vendors and service companies have parked illegally in the handicap parking space at the Wawa facility, but she provides no details to support that assertion. The only two instances of parking violations specifically identified in the amended complaint occurred in 2010 and 2012. It is not clear that blocked access to the handicap parking spot continues to be a problem that precludes Ms. Cottrell from patronizing Wawa.

Accordingly, at this time, the Court will dismiss Ms. Cottrell's amended complaint for lack of standing.  As noted above, the complaint is devoid of facts to support the conclusion that a future violation of law by Defendants is imminent.  Despite this pleading deficiency, Ms. Cottrell may be able to allege facts concerning a continued lack of access to the handicap spot at the Wawa store at issue in this case.  The Court will thus allow Ms. Cottrell one final opportunity to amend her complaint in an effort to rectify the standing issue identified in this Opinion.

**B.   Ms. Cottrell's IFP Application**

The Court has reviewed Ms. Cottrell's application to proceed in forma pauperis, and notes that Plaintiff has signed the affidavit in support of her application declaring under penalty of perjury that she is unable to pay the costs of these proceedings.  Based on the information contained therein, the Court hereby grants Plaintiff's application to proceed in forma pauperis in this case and directs the Clerk to file the amended complaint in this action.

**C.   Ms. Sloop's Motion to Extend Time**

Also before the Court is an application for an extension of time to obtain counsel filed by Ms. Cottrell on behalf of Ms. Sloop.  As noted in the March 20, 2015 Opinion, Ms. Cottrell cannot advance the claims of Ms. Sloop and, as such, cannot file a motion on Ms. Sloop's behalf.  Nonetheless, the Court recognizes that it granted Ms. Sloop thirty days to file an amended complaint, either pro se or through counsel, and Ms. Sloop apparently required additional time to retain counsel so that she could file an amended complaint.  Accordingly, in the interest of justice, the Court will grant Ms. Sloop an extension of time so as to allow her the opportunity to retain counsel, and she will be afforded an additional thirty days to file an amended complaint.

**IV.  <u>CONCLUSION</u>**

For the reasons set forth above, Ms. Cottrell's amended complaint will be dismissed without prejudice, her application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be granted, and Ms. Sloop will be granted an extension of time to file an amended complaint. Any amended complaint must be filed within thirty days.

An Order consistent with this Opinion will be entered.


Date: September 10, 2015       <u>  s/ Noel L. Hillman        </u>
                               NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey